IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5121 |
| | ) | |
| AKINOLA IYIOLA and SAUL PULIDO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Akinola Iyiola's ("Iyiola") and Defendant Saul Pulido's ("Pulido") motion for summary judgment. For the reasons stated below, we grant the motion in its entirety.

## BACKGROUND

Plaintiff Eric Jenkins ("Jenkins") alleges that he is incarcerated and that he and other inmates were not provided with lunch one day when they were transferred from one correctional facility to another facility. Jenkins claims that he complained to the prison guards, but they refused to correct the problem. According to Jenkins, when he continued to complain a guard told him to "shut up." (Compl. 7). The guard

1

allegedly then "yanked" Jenkins from his cell and Jenkins was allegedly beaten by Pulido during this incident. (Compl. 7). Jenkins brought the instant action and indicates in his *pro se* complaint that he is bringing the suit pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl. 1). Jenkins indicates in his *pro se* complaint that his constitutional rights were violated since: (1) he was allegedly not given three meals a day, (2) the guards allegedly used excessive force, and (3) he was denied medical treatment after he was allegedly beaten. (Compl. 4, 6-7). On September 29, 2006, the prior judge in this case dismissed all of Jenkins' claims except for his excessive force claims brought against Iyiola and Pulido. Defendants moved for summary judgment on the remaining claims and this case was reassigned to the undersigned judge on March 6, 2008.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Defendants argue that the undisputed evidence shows that Iyiola and Pulido used a minimal amount of force upon Jenkins and that such force was not excessive. An inmate's Eighth Amendment rights are violated if a prison guard uses excessive force upon the inmate. *Fillmore v. Page*, 358 F.3d 496, 503-04 (7th Cir. 2004); *see also Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005)(stating that "[t]he Eighth Amendment, applicable to the States through the Due Process clause of the Fourteenth Amendment, prohibits 'cruel and unusual punishments' and has been interpreted by the United States Supreme Court to encompass the 'unnecessary *and wanton* infliction of pain' upon prisoners in a correctional institution")(emphasis in original)(quoting in part *Wilson v. Seiter,* 501 U.S. 294, 296 (1991)).

I.  Excessive Force Claim Brought against Iyiola

Defendants argue that Iyiola used only minimal force upon Jenkins. The undisputed evidence shows that Defendants are correct. According to Jenkins' own deposition testimony, Jenkins admitted that, although he and other inmates were told to be quiet by the guards, he continued to attempt to engage in conversation with the guards. (D Ex. C 13-14). Jenkins asserts that Iyiola merely pulled him from his cell by his shirt, put Jenkins' arm behind his back, and moved Jenkins to a bullpen area. (D Ex. C 14-15, 22-23). There is no evidence that such conduct harmed Jenkins and,

even accepting as true Jenkins' version of the events, no reasonable trier of fact could conclude that Iyiola used excessive force upon Jenkins. In addition, although Jenkins alleged in his complaint that Iyiola instructed Pulido to assault Jenkins, (Compl. 7), Jenkins admitted at his deposition that Iyiola gave no such instructions. (D Ex. C 19). Thus, Jenkins' own deposition testimony defeats his excessive force claim brought against Iyiola. Also, Jenkins has failed in response to Defendants' motion for summary judgment to point to sufficient evidence that would indicate that Iyiola used excessive force upon Jenkins. *See Springer v. Durflinger*, 2008 WL 540220, at *5 (7th Cir. 2008)(stating that "summary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events'")(quoting in part *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)); *Fillmore*, 358 F.3d at 504 (stating that an excessive force claim "cannot be predicated on a *de minimis* use of force"). Therefore, we grant Defendants' motion for summary judgment on the excessive force claim brought against Iyiola.

II. Excessive Force Claim Brought Against Pulido

Defendants contend that the undisputed evidence shows that Pulido used appropriate force upon Jenkins. Jenkins alleges in his complaint that he was

"slapped, punched and beaten about the face and body by Officer P[ulido] and kicked about the legs." (Compl. 7). Jenkins also indicated initially at his deposition that Pulido "smashed [Jenkins] on the floor . . . and he went to work." (Ex. C 17). However, Jenkins' own deposition testimony shows that such allegations are false. Jenkins admitted at his deposition that after the alleged severe beating about his head, body, and legs, Jenkins only requested "Ibuprofen or something." (Ex. C 27). Jenkins also admitted that when he met with a medical professional several days after the alleged beating, Jenkins only requested "a refill for dandruff shampoo" and did not request medical attention for any alleged facial or leg injuries. (Ex. C 37-38). Based upon the deposition testimony provided by Jenkins himself, no reasonable trier of fact could accept as true Jenkins' allegations as to the beating that he allegedly suffered. We recognize that a plaintiff inmate is not required to show that he suffered a significant injury in order to prevail on an excessive force claim, *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994)(noting that "a significant injury is not required to establish cruel and unusual punishment"). We also recognize that a court, when deciding a summary judgment motion, must view the evidence in the light most favorable to the non-moving party and the court cannot engage in credibility assessments of prospective witnesses. *See Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007)(stating that "'[o]n summary judgment a

court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder'")(quoting *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003)). However, in this case the evidence is such that no reasonable trier of fact could find for Jenkins on this issue. We note that Jenkins argues in his response to the motion for summary judgment that "he attempted to get medical attention immediately after the incident but[] was disregarded by staff." (Ans. Mot. 2). However, Jenkins' response brief is not evidence and Jenkins fails to point to any evidence to support his contention. *See Springer*, 2008 WL 540220, at *5 (stating that "summary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events'")(quoting in part *Steen,* 486 F.3d at 1022). In addition, Jenkins fails to present evidence that contradicts his own admission that when he was given an opportunity to see a medical professional after the alleged beating, that Jenkins did not seek any treatment for injuries relating to the alleged beating. No reasonable trier of fact could conclude that someone that has been beaten as severely as Jenkins claims would not seek medical attention. The evidence in this case shows that Jenkins disobeyed the orders of the guards to be silent and that the guards, at most, used minimal force upon Jenkins. Such conduct does not suffice to support a meritorious excessive force

claim. *Fillmore*, 358 F.3d at 504 (stating that an excessive force claim "cannot be predicated on a *de minimis* use of force"); *Lunsford*, 17 F.3d at 1582 (stating that the Court did "not advocate or condone the officers' conduct in this situation, but f[ound] that it d[id] not rise to the level of a constitutional violation"). We note that Jenkins has provided contradictory statements relating to his claim. Jenkins alleged in his complaint that Iyiola, one of the guards, instructed Pulido, another guard, to assault Jenkins. (Compl. 7). However, during his deposition, Jenkins admitted that Iyiola gave no such instructions. (D Ex. C 19). Thus, Jenkins' own deposition testimony undermines his allegations in his complaint. Based upon the foregoing, no reasonable trier of fact could conclude that Pulido used excessive force. Therefore, we grant Defendants' motion for summary judgment on the excessive force claim brought against Pulido.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for summary judgment in its entirety.

                                          Samuel Der-Yeghiayan
                                          United States District Court Judge

Dated: March 18, 2008